UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN R. VAN HECK,

    Plaintiff,                           CIVIL ACTION NO. 15-cv-14404

    v.                                  DISTRICT JUDGE MATTHEW F. LEITMAN

VILLAGE OF ROMEO, et al.,         MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Shawn R. Van Heck commenced this *pro se* civil rights action against Defendants Village of Romeo, Officer Dusovic, and Romeo Police Department on December 21, 2015. (Docket no. 1.) Before the Court is Defendants' Motion to Dismiss and/or in the Alternative, Motion for Summary Judgment. (Docket no. 19.) Plaintiff responded to Defendants' Motion (docket no. 21), and Defendants replied to Plaintiff's Response (docket no. 22). This matter has been referred to the undersigned for all pretrial purposes. (Docket no. 7.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.**    **RECOMMENDATION**

For the reasons that follow, it is recommended that Defendants' Motion to Dismiss and/or in the Alternative, Motion for Summary Judgment (docket no. 19) be **GRANTED**.

## II. REPORT

### A. Background

This matter arises out of the September 9, 2015 arrest and subsequent prosecution of Plaintiff on the charge of driving while license suspended. (*See* docket nos. 1, 19.) Through his Complaint, Plaintiff seeks damages in the amount of two million dollars ($2,000,000.00) for Defendants' alleged violations of 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as for false arrest, wrongful imprisonment, kidnapping, malicious prosecution, and holding Plaintiff hostage in violation of MCL § 750.85. (Docket no. 1 at 1.) Plaintiff's claims are premised on a citizen's alleged constitutional right to travel and transport property upon the public highways and Plaintiff's argument that a state or local government cannot restrict that right through the requirement of a driver's license. (*See* docket no. 1.) While not explicitly stated, Plaintiff essentially claims that because Michigan's driver's licensing requirement violates the United States Constitution by restricting one's fundamental right to travel, Defendants' arrest and prosecution of Plaintiff for driving on a suspended license was unconstitutional and violative of federal and state law. (*Id.*) Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); in the alternative, they move for summary judgment pursuant to Rule 56. (Docket no. 19.)

### B. Governing Law

#### 1. *Motion to Dismiss Standard*

When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007);

2

*Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

    2.  *Summary Judgment Standard*

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

3

law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C. Analysis**

To prevail on a § 1983 claim, a plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield*

*Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (citations omitted). There is no dispute that Defendants were acting under color of state law. Thus, the only remaining issue under a § 1983 analysis is whether they deprived Plaintiff of a constitutional right.

        *1.     Plaintiff's Claims against Defendant Romeo Police Department*

As an initial matter, a municipal police department is not a separate municipality from the city it serves; thus, any claims filed against a city police department are filed "against the city itself, because the city is the real party in interest." *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994). Thus, the Romeo Police Department is not a proper defendant in this matter and should be dismissed. *See McKissick-Johnson v. Detroit Police Dept.*, No. 13-13309, 2013 WL 5177975, at *1 (E.D. Mich. Sept. 12, 2013); *Zueski v. Michigan State Police*, No. 07-10245, 2008 WL 2357709, at *1 (E.D. Mich. June 6, 2008).

        *2.     Plaintiff's Claims against the State-Court Judge*

Next, to the extent that Plaintiff claims that the state-court judge violated Plaintiff's Sixth Amendment rights by denying Plaintiff's request for a court-appointed attorney (*see* docket no. 1 at 4), Plaintiff's claim fails because (1) the judge is not a named defendant in this action; and (2) even if the judge were a named defendant, he would be entitled to absolute immunity. *See Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) ("Judges are generally absolutely immune from civil suits for money damages, including § 1983 suits.").

        *3.     Plaintiff's Claims against Defendants Village of Romeo and Dusovic*

As noted above, Plaintiff's constitutional (and non-constitutional) claims are rooted in Plaintiff's asserted notion that the fundamental right to travel imparts upon him a constitutional right to operate an automobile without a driver's license, which renders Michigan's licensing

requirements, as well as Defendants' arrest and prosecution of Plaintiff for driving on a suspended license, improper. (*See* docket no. 1; docket no. 21 at 6.) Plaintiff is incorrect.

The existence of a constitutional right to travel is well settled. *Saenz v. Roe*, 526 U.S. 489, 498 (1999) (interstate travel); *League of United Latin American Citizens (LULAC) v. Bredesen*, 500 F.3d 523, 534 (6th Cir. 2007) (intrastate travel). But the fundamental right to travel does not equate to a fundamental right to drive a motor vehicle, with or without a license. *See Duncan v. Cone*, No. 00-5705, 2000 WL 1828089, at *2 (6th Cir. Dec. 7, 2000) (citing *Miller v. Reed,* 176 F.3d 1202, 1205-06 (9th Cir. 1999)). This is because a burden on a single mode of transportation, such as a driver's license requirement, does not necessarily impede one's right to travel; one can still travel in a motor vehicle driven by a licensed individual or by other forms of transportation. *Id.*; *Miller,* 176 F.3d at 1205-06; *Aziza El v. City of Southfield*, No. 09-11569, 2010 WL 1063825, at *5 (E.D. Mich. Mar. 22, 2010) ("Plaintiff does not have a constitutional right to operate a motor vehicle and state licensure and registration requirements do not violate an individual's constitutional right to travel.") Notably, courts have found arguments substantially similar to Plaintiff's to be frivolous. *See Duncan, supra*; *see also Davis-Bey v. Michigan*, No. 14-cv-12315, 2014 WL 3735233, at *3 (E.D. Mich. July 28, 2014) (claim that Michigan's driver's license requirement violates plaintiff's constitutional right to travel clearly "lacks an arguable basis in law" and must be dismissed as frivolous); *Roberts v. State*, 229 F.3d 1164, 2000 WL 1275606, at *2 (10th Cir. 2000) ("The plaintiff's contention that the State of Colorado may not require him to have a driver's license is devoid of merit."); *Berberian v. Petit*, 374 A.2d 791, 794 (R.I. 1977) ("The plaintiff's argument that the right to operate a motor vehicle is fundamental because of its relation to the fundamental right of interstate travel is utterly frivolous.").

The immediate discussion demonstrates that Plaintiff had no constitutional right to drive while his driver's license was suspended; therefore, Defendants' arrest and prosecution of Plaintiff for doing so was not unconstitutional or otherwise improper on this basis.[1] Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed.

### D.  Conclusion

For the above-stated reasons, the court should **GRANT** Defendants' Motion to Dismiss and/or in the Alternative, Motion for Summary Judgment (docket no. 19).

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not

---

[1] Where there is no constitutional violation, "the plaintiff's § 1983 claim fails as a matter of law and the defendant[s] . . . do[] not need qualified immunity."  *Marvin v. City of Taylor*, 509 F.3d 234, 244 (6th Cir. 2007).

later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 13, 2016          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: December 13, 2016          s/ Lisa C. Bartlett
                                  Case Manager